UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


RUSTIN HOWARD,

    Plaintiff,


v.                                         Case No. 3:11cv366/MCR/CJK

JOHN B. NANO,

    Defendant.
_____/

## ORDER

    Pending before the court is the plaintiff's timely filed motion for relief from judgment or to alter and amend the judgment (doc. 28), which the defendant opposes (doc. 29).[1] *See* Fed. R. Civ. P. 60(b) & 59(e). Additionally, pursuant to the court's request, the parties have submitted briefs regarding the existence of the requisite amount in controversy for subject matter jurisdiction. (*See* docs. 32 & 33). The court has now fully considered the matter.

    Motions to alter or amend a final judgment under Rule 59(e) are disfavored and granted sparingly; relief is given only where there is newly-discovered evidence or to correct manifest errors of law or fact upon which the judgment was based. *See Krstic v. Princess Cruise Lines, Ltd. (Corp.)*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010); *see also* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). Even if errors have been committed, if the issues are at least arguable, such errors do not constitute "the sort of clear and obvious error which

---

[1] The plaintiff also requested leave to file a reply memorandum, which the court now denies. The court is satisfied that the matter has been sufficiently briefed and that a reply is not necessary to aid the court's determination.

Case No. 3:11cv366/MCR/CJK

the interests of justice demand that [the court] correct." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). Moreover, a Rule 59(e) motion may not be used to re-litigate old matters or to present new arguments or evidence that could have been presented prior to judgment being entered. *See Discrete Wireless, Inc. v. Coleman Techs., Inc.*, 422 Fed. Appx. 777, 779 (11th Cir. 2011). The standard generally is the same with regard to a Rule 60(b) motion, which typically is granted only to correct a mistake of law or fact, *see* Fed. R. Civ. P. 60(b)(1); *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992), but can prompt reconsideration for any "reason that justifies relief," *see* Fed. R. Civ. P. 60(b)(6).

In the complaint, the plaintiff alleged he and the defendant were members of the board of directors for a company and the defendant was the chairman of the board and president of the company. The plaintiff alleged that the defendant had sent email communications to other board members and the Securities and Exchange Commission ("SEC"), making false accusations that the plaintiff was engaged in insider trading. Plaintiff alleged that the statements constituted libel *per se*, which harmed his professional reputation and his business interests in Florida.[2] The court dismissed this cause of action with prejudice (doc. 26), finding that the allegations and subsequently submitted affidavits and exhibits related to the personal jurisdiction issue did not provide a basis for personal jurisdiction because the email communications were not sent into, or accessed in, Florida. Final judgment was entered the same day (doc. 27).

Plaintiff now argues that the court committed an error of law in determining that personal jurisdiction was lacking, specifically contending that this court did not recognize the Eleventh Circuit's precedent of broadly construing Florida's long-arm statute to apply to defendants who commit torts outside the state that cause injury in Florida. The plaintiff also argues that the court erroneously applied the Florida long-arm statute and the Florida Supreme Court's decision in *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201 (Fla.

---

[2] In the complaint, the plaintiff also alleged a claim of intentional infliction of emotional distress, but the plaintiff has not argued for reconsideration with regard to that claim.

Case No. 3:11cv366/MCR/CJK

2010), to conclude that personal jurisdiction was lacking where a Florida resident claimed injury from a tort committed out of the state.

Contrary to the plaintiff's contention, the court's order did recognize that the Eleventh Circuit has broadly and consistently "held that § 48.193(1)(b) permits jurisdiction over the non-resident defendant who commits a tort outside of the state that causes injury inside the state." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216 (11th Cir. 1999)). However, the Eleventh Circuit also has recognized that personal jurisdiction over a nonresident who commits a tort outside of the state is conferred on the basis of injury in the state of Florida only "in certain instances" where the requisite "connexity" is shown between the cause of action and a communication "into Florida." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1168 (11th Cir. 2005) (citing *Wendt v. Horowitz*, 822 So. 2d 1252, 1253 n.2 (Fla. 2002) (holding that an electronic communication into the state triggers the long-arm statute); and *Acquadro v. Bergeron*, 851 So. 2d 665, 671 (Fla. 2003) (holding jurisdiction existed where out-of-state resident defamed a Florida resident during a phone call made into Florida)).[3] A communication into Florida is absent in this case.

Also, as the plaintiff recognizes, application of the Florida long-arm statute is a matter of state law, and federal courts must construe state law as would the state's supreme court. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998). The Florida Supreme Court in *Internet Solutions* concluded that an out-of-state resident's actions of posting an allegedly defamatory comment on a website constituted an electronic communication into Florida and thus was a tortious act in Florida where the website was not only accessible but actually *accessed* in Florida, reasoning that the tort of defamation

---

[3] *See also Casita, L.P. v. Maplewood Equity Partners L.P.*, 960 So. 2d 854, 857 (Fla. 3d DCA 2007) (holding personal jurisdiction was lacking where defamation was committed outside of Florida but injured a resident because the tort of defamation is committed in the place where it is published, distinguishing other cases as involving torts with some aspect of them taking place in Florida); *Korman v. Kent*, 821 So. 2d 408, 410-11 (Fla. 4th DCA) ("The gist of the action for defamatory falsehood lies in the publication of the falsehood, not in the mere making of it."), *rev. dismissed*, 829 So. 2d 918 (Fla. 2002).

Case No. 3:11cv366/MCR/CJK

requires publication and that it occurs where the defamatory material is published.[4] *See Internet Solutions*, 39 So. 2d at 1214-16. Although the Florida Supreme Court noted in that case that it had not been asked to consider and thus did not comment on whether injury to a resident alone satisfies the long-arm statute, *see id.* at 1206 n.6, the distinction drawn between communications accessible and communications actually accessed in Florida, emphasizes that personal jurisdiction based on torts arising from communications by nonresidents not present in the state must involve communications into Florida. There would be no need for the distinction drawn in *Internet Solutions* between internet sites accessed or merely accessible if presumed injury to a Florida resident from defamation per se over the internet satisfied the Florida long-arm statute regardless of where publication occurred. *See generally Jackson-Bear Group, Inc. v. Amirjazil*, No. 2:10cv332, 2011 WL 1232985, at *5-6 (M.D. Fla. 2011) (considering *Internet Solutions* and noting that the posting of defamatory material alone did not satisfy the long-arm statute). The Eleventh Circuit has recognized this as well. *See Internet Solutions Corp. v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010) (applying the Florida Supreme Court's answer to its certified question); *see also Horizon Aggressive Growth*, 421 F.3d at 1168 & n.7 (citing with approval *Korman v. Kent*, 821 So. 2d 408, 411 (Fla. 4th DCA 2002), for the proposition that the Florida Supreme Court's precedent in *Wendt*, which found personal jurisdiction based on a communication into Florida, cannot be construed to grant jurisdiction under Fla. Stat. § 48.193(1)(b) "in every situation where a tort was completed out-of-state but caused injury in Florida").

In dismissing the present suit, this court did not ignore Eleventh Circuit precedent but instead acknowledged it and found that Florida law in this unique context requires publication in Florida through a communication into Florida in order to satisfy the long-arm

---

[4] The Eleventh Circuit's case of *Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008), in which the court held that accessibility of a website in Florida was sufficient for purposes of the long-arm statute, involved a trademark infringement by a nonresident placing infringing material on a website that was accessible in Florida, and the trademark owner resided in Florida. *Licciardello* was decided two years prior to the Florida Supreme Court's decision in *Internet Solutions* clarifying that a website with defamatory material must be accessible *and* actually be accessed in Florida to satisfy the long-arm statute. *See Internet Solutions Corp. v. Marshall*, 611 F.3d 1368, 1370 (11th Cir. 2010) (applying the answer to its certified question).

Case No. 3:11cv366/MCR/CJK

statute. The plaintiff has not demonstrated manifest error of fact or law to require reconsideration of the personal jurisdiction issue.[5] The complaint and other record materials show that not one of the allegedly defamatory email communications was sent into Florida or accessed in Florida. The court considered and addressed the plaintiff's arguments; no facts or law have changed; and the court did not misapprehend an argument. It is not appropriate merely to ask the court to "rethink what the Court already thought through – rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal marks omitted). At best, even assuming the issue at hand is arguable under Florida or Eleventh Circuit law, errors on issues that are arguable are "not the sort of clear and obvious error which the interests of justice demand that [the court] correct" on a motion to alter the judgment. *Am. Home Assur. Co.*, 763 F.2d at 1239. The court finds no valid ground for altering the judgment under Rule 59(e) or Rule 60(b).[6]

Accordingly,

1. The motion for relief from judgment (doc. 28) is DENIED.

---

[5] The plaintiff has also argued that the court committed error in holding alternatively that he did not adequately plead the element of actual damages. The plaintiff asserts that damages are presumed as defamation *per se* where an allegedly false statement charged another with the commission of a crime or improper business practices. *See Spears v. Albertson's, Inc*., 848 So. 2d 1176, 1179 (Fla. 1st DCA 2003). The court concludes that it is not necessary to reach this argument because even assuming error, it was an alternate holding which does not provide grounds to alter or amend the judgment in light of the court's conclusion that personal jurisdiction is lacking in this case under the long-arm statute analysis.

[6] Additionally, even if personal jurisdiction were satisfied, the court finds that subject matter jurisdiction is lacking. The court requested briefing on the issue of subject matter jurisdiction because the complaint alleges defamation *per se* and resulting injury from the defamatory nature of the emails without alleging any facts demonstrating injury. While this may be acceptable pleading for purposes of stating a claim under Florida law, the court must be satisfied that its subject matter jurisdiction is properly invoked. The complaint alleges no facts that could support a plausible inference that the court's jurisdictional amount in controversy is met – there is no factual allegation of any particular injury to a Florida business interest; there is no allegation that anyone in Florida was aware of the content of the email communications; and there is no allegation that anyone at all knew the content of the emails other than a handful of people on the board of the company, which took no adverse action against the plaintiff, and the SEC, which undertook no investigation. Thus, the court concludes that even if personal jurisdictional requirements were satisfied in this case, the amount in controversy requirement is not.

Case No. 3:11cv366/MCR/CJK

2. The motion for leave to file a reply (doc. 30) is DENIED.

**DONE AND ORDERED on this 25th day of August, 2012.**

<u>  s/ *M. Casey Rodgers*  </u>
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**